## Richmond

### CITY OF ALEXANDRIA

### V.

### MORRISON-WILLIAMS ASSOCIATES, INC.

March 12, 1982.

Record No. 791395.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, Stephenson, JJ., and Harrison, Retired Justice.

*Nolan B. Dawkins, Assistant City Attorney,* for appellant.
*William R. Chambers (Watt, Tieder, Killian, Toole & Hoffar,* on brief), for appellee.

THOMPSON, J., delivered the opinion of the Court.

In this appeal we decide whether Morrison-Williams Associates, Inc. (Taxpayer), an advertising agency, is subject to the gross receipts tax imposed by the City of Alexandria (City)* on total payments received. The trial court found in favor of Taxpayer, and for reasons hereinafter set forth, we reverse.

The evidence, largely stipulated, revealed the following *modus operandi* for Taxpayer: Client contracts with Taxpayer to place an advertisement for client; client has no contact with advertising media; all negotiations concerning placement of the "ad" are between media and Taxpayer and media look to Taxpayer for payment; media bill Taxpayer directly; client pays Taxpayer the entire bill, including media cost plus Taxpayer's commission; the total sum received by Taxpayer from client is mingled with Taxpayer's income from all other sources and normally within thirty days media are paid by Taxpayer; upon receipt of payment from client to Taxpayer, Taxpayer has use of the money until it pays media; the total sum received by Taxpayer from client is reported as gross income by Taxpayer to the Internal Revenue Service and Taxpayer deducts all media costs passing through from its clients to the media in computing taxable income for federal tax purposes; invoices from media to Taxpayer state separately the cost of advertisement, the agency commission, and the total cost; the amount of Taxpayer's fee is dictated by the media which provide separate invoices for each client.

The issue is whether the total sums paid by client to Taxpayer are gross receipts of Taxpayer within the meaning of the compre-

---

* Section 20-1 of the Alexandria City Code defines in pertinent part gross receipts: The gross receipts from any business, profession, trade, occupation, vocation, calling or activity, including cash, credits, fees, commissions, brokerage charges and rentals, and property of any kind, nature or description, from either sales made or services rendered without any deduction therefrom on account of cost of the property sold, the cost of materials, labor or services or other costs, interest or discounts paid, or any expense whatsoever . . . .

hensive Alexandria ordinance. After listing gross receipts in detail, the ordinance embraces "property of any kind, nature or description, from either sales made or services rendered." It is equally specific as to deductions—"without any deduction therefrom on account of cost of the property sold, the cost of materials, labor or services . . . or any expenses whatsoever." An analysis of the arrangement shows that Taxpayer is not the legal agent of either client or media. The association between each is contractual, and there is no contact between media and client. Thus, if Taxpayer became insolvent or unwilling to meet its contractual obligations, media would have no recourse against client. The relationships are mutually exclusive.

The analogy to the sale of tangible personal property from a wholesaler to a retailer and then to the general public is compelling. The wholesaler sells directly to the retailer and the retailer's markup is equivalent to Taxpayer's percentage fee in this case, although the fee is dictated by the media. The retailer, in reporting his gross receipts, is expressly excluded and prohibited from deducting his wholesale costs, and we think the same result would follow where the tax unit is a service rather than a tangible commodity. The ordinance seeks to deal with both situations, and a careful analysis dictates that they be treated the same.

In *Savage v. Commonwealth,* 186 Va. 1012, 1018, 45 S.E.2d 313, 317 (1947), we said the words "gross receipts" mean "whole, entire, total receipts." The State Corporation Commission there sought to impose a motor vehicle gross receipts tax on the operator of a truck line. In the course of his business, Savage transported some of the freight received by him on vehicles of other carriers with unused space. These other carriers provided the driver, paid his wages, and furnished gas and oil. The contract with the owner of the goods was always made with Savage as the named carrier. Savage would bill the owner and then pay the other carrier on the basis of the equipment he furnished. Savage contended that the amounts he paid other carriers for the use of their equipment should be considered part of their gross receipts, not his. This court held the tax to have been properly imposed and said:

> The amounts paid to the other carriers . . . was but an item of the cost of [taxpayer's] operation . . . . The use of the vehicles of others saved [taxpayer] the expense of using his

own equipment . . . . The vehicles of the other carriers were merely the agency for the transportation of the cargoes of [taxpayer] . . . . The payments constituted a part of his gross receipts in the transaction of his business.

186 Va. at 1018, 45 S.E.2d at 316-17.

As indicated in its letter opinion, the trial court considered the case of *City of Los Angeles* v. *Clinton Merchandise Corp.,* 25 Cal. Rptr. 859, 375 P.2d 851 (1962), "highly persuasive." There, the taxpayer was an affiliate of various sales corporations engaged in men's retail clothing business; it acted as the central managing, accounting, and disbursing office for these stores, collecting all their receipts and paying all their obligations; it advanced money when necessary to pay the obligations of any store which had receipts insufficient to cover its obligations; it rendered various advertising services to the stores and negotiated for the purchase of all merchandise; the taxpayer set up the procedure for the financing of the stores and for the payment of its fees, allocating to a particular store on its books advances, money paid for payroll, advertising, and distributed merchandise; the taxpayer collected the stores' receipts and entered them as repayment to the store of advances; the taxpayer, as compensation for its services, deducted and retained a percentage fee, varying between five and six per cent. On appeal, the court held that the taxpayer was liable on its percentage fees as gross receipts but not for the receipts turned over to it to be disbursed for the retail stores.

We think the legal relation of the parties in the *Clinton* case distinguishes that decision. There, the taxpayer was merely a disbursing agent for the retail stores, providing a service to its principals. The California opinion makes this abundantly clear where the court said:

The amounts defendant received in reimbursement for expenses paid by it for the stores, such as a store's payroll, rent, utilities, advertising, are not taxable as defendant's gross receipts. If monies which defendant collects on behalf of the stores represent its gross receipts, without deduction for the sums which it has paid or advanced for expenses of the affiliate stores, all monies received by an agent for his principal would comprise gross receipts of the agent. Yet defendant acts merely as an agent for handling money for the stores,

paying out and receiving back sums advanced to the stores for their own operating expenses. Defendant's situation compares to that of an attorney who, upon the authorization of the client that the attorney reimburses himself, advances monies for costs of his client and is repaid from funds received on behalf of the client. A store's reimbursement of defendant for the store's own expenses is no more chargeable as "gross receipts" than the client's repayment of his attorney's advances.

*City of Los Angeles* v. *Clinton Merchandise Corp.,* 25 Cal. Rptr. at 862-63, 375 P.2d at 854-55.

In Virginia, "[t]axation is the rule, not the exception. Therefore, tax statutes are strictly construed against the taxpayer." *WTAR Radio-TV* v. *Commonwealth,* 217 Va. 877, 879, 234 S.E.2d 245, 247 (1977). We therefore conclude that amounts paid to Taxpayer by its clients constitute gross receipts to Taxpayer and that deductions permitted by the Alexandria ordinance do not embrace sums paid by Taxpayer to media sources. The judgment of the trial court will be reversed and remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*